# FEDERAL PUBLIC DEFENDER
Southern District of Florida
www.fpdsouthflorida.org

**Michael Caruso**
**Federal Public Defender**

**Hector A. Dopico**
**Chief Assistant**

Location:  Fort Lauderdale

Miami:

**Helaine B. Batoff**
**Abigail Becker**
**R. D'Arsey Houlihan**
**Bunmi Lomax**
  **Supervising Attorneys**

Eboni Blenman
Micki Bloom
Anshu Budhrani
Eric Cohen
Myles Crandall
Tracy Dreispul
Christian Dunham
MaeAnn Dunker
Daniel L. Ecarius
Sogol Ghomeshi
Jean-Pierre Gilbert
Alexandra Hoffman
Julie Holt
Andrew Jacobs
Srilekha Jayanthi
Ashley Kay
Ian McDonald
Kate Mollison
Kirsten Nelson
Bonnie Phillips-Williams
Ta'Ronce Stowes
Marisa Taney
Kate Taylor
Victor Van Dyke
Jenny Wilson

Ft. Lauderdale:

**Robert N. Berube**
**Bernardo Lopez,**
  **Supervising Attorneys**

Andrew Adler
Huda Ajlani-Macri
Janice Bergmann
Brenda G. Bryn
Timothy M. Day
Allari Dominguez
Margaret Y. Foldes
Sara Kane
Jan C. Smith

West Palm Beach:

**Peter Birch,**
  **Supervising Attorney**

Robert E. Adler
Lori Barrist
Scott Berry
Caroline McCrae
Kristy Militello

Fort Pierce:

Aisha Nash
Kafahni Nkrumah

January 11, 2024

David J. Smith, Clerk of the Court
U.S. Court of Appeals for the
Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

Re:   *United States v. Suzanne Kaye*, Case No. 23-11423-A
       Oral argument scheduled for Jan. 30, 2024, in Miami, FL
       Response to the Government's Rule 28(j) Letter of Jan. 9, 2024

Dear Mr. Smith:

The Government's late-breaking, out-of-circuit cases are inapt.

**1.** In *United States v. Viefhaus*, 168 F.3d 392 (10th Cir. 1999), the defendant raised a sufficiency claim on appeal. The Tenth Circuit held that his "statement regarding the imminent bombing of fifteen cities reasonably may be construed as a 'true threat'" rather than political speech. *Id*. at 396. Thus, the case was properly submitted to the jury. *Id*. at 397. Here, however, Kaye is not raising a sufficiency claim but rather an instructional-error claim. Thus, her argument is *not* that the true-threat v. political-speech question should not have gone to the jury. Instead, her argument is that the jury was precluded from properly analyzing that dispositive distinction, because the district court instructed the jury *only* about true threats and not at all about political speech.

**2.** Even further afield is *United States v. Glaub*, 910 F.3d 1334 (10th Cir. 2018). A "sovereign citizen" convicted under the False Claims Act argued (frivolously) that the First Amendment protected his knowing submission of false claims to the government for payment. The Tenth Circuit explained that this was not a "correct statement of the law." *Id*. at 1341; *see id*. at 1338. Thus, the district court did not err by refusing to so instruct the jury. And because the jury found that his claims were knowingly false, that meant his conduct was unprotected. *Id*. at 1341.

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** | **Ft. Pierce** |
|---|---|---|---|
| 150 West Flagler Street | One East Broward Boulevard | 250 South Australian Avenue | 109 North 2nd Street |
| Suite 1500 | Suite 1100 | Suite 400 | Ft. Pierce, FL 34950 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1842 | West Palm Beach, FL 33401-5040 | Tel: (772) 489-2123 |
| Tel: (305) 536-6900 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Fax: (772) 489-3997 |
| Fax: (305) 530-7120 | Fax: (954) 356-7556 | Fax: (561) 247-7094 | |

Here, by contrast, all agree that Kaye had a valid First Amendment defense. And there is no dispute that her requested instructions—taken directly from Supreme Court precedent—were legally correct. Moreover, the jury in *Glaub* could have determined whether the claims were knowingly false (and thus unprotected) without knowing anything about the First Amendment. Here, however, the jury could not have properly determined whether Kaye's statements were unprotected "true threats" (a term of art) without *also* being informed about protected political speech. Because these categories overlapped, the jury needed to know about *both* to decide which one applied. By refusing to provide *any* legal instruction about political speech, the district court effectively eviscerated Kaye's compelling First Amendment defense.

                                                Respectfully submitted,

                                                Michael Caruso
                                                Federal Public Defender

By:   */s/ Andrew L. Adler*
        Andrew L. Adler
        Assistant Federal Public Defender

cc:     Alix I. Cohen, AUSA (via ECF)